amounting to $1,088; (2) to pay $7,650 to the sinking fund under the first mortgage, which would be in default unless immediately paid; (3) to pay interest of $11,775, which was about to become due on the first mortgage; and to make such certificates a lien on the property prior to the first mortgage, when it appears that at the time of the hearing of the application for leave to issue receiver's certificates the first mortgagee had been served with the summons and complaint as a party defendant in the foreclosure of the second mortgage, has the court the power to issue receiver's certificates for such purposes, and has it power to make such certificates a lien prior to that of the first mortgage?

" 2. The certificates having been issued and sold to a *bona fide* purchaser before any appeal was taken to this court, could the appeal be entertained without bringing in such purchaser as a party to the appeal, the point having been duly raised? "

*Selden Bacon, Abel E. Blackmar* and *Saul S. Myers* for appellants.

*Leonard B. Smith, Thomas E. Dewey* and *Stuart McNamara* for respondent.

Order affirmed, with costs; first question certified answered " no; " second question answered " yes; " no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Claim of CHARLES GINN, Respondent, against RAPID SERVICE PRESS et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — rate of compensation for temporary total disability.*

*Matter of Ginn* v. *Rapid Service Press,* 222 App. Div. 406, affirmed.

(Submitted April 30, 1928; decided May 11, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

January 16, 1928, affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant, from injuries received in the course of his employment, was temporarily totally disabled and permanently partially disabled. The question was whether under subdivision 6 of section 15 of the Workmen's Compensation Law he was entitled to twenty or twenty-five dollars a week compensation during the period of total disability. The Appellate Division held he was entitled to twenty-five dollars per week during the period of temporary total disability and not to exceed twenty dollars per week for permanant partial disability during the remainder of the schedule period.

*John G. Donovan* for appellants.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the RECTOR, CHURCHWARDENS AND VESTRYMEN OF TRINITY CHURCH IN THE CITY OF NEW YORK, Respondents, against CHARLES W. BERRY, as Comptroller of the City of New York, et al., Appellants.

*New York city — rapid transit — mandamus to compel payment for easements under land required for subway purposes granted.*

*Matter of Rector, etc., Trinity Church* v. *Berry,* 223 App. Div. 742, affirmed.

(Argued April 30, 1928; decided May 11, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 30, 1928, which affirmed an order of Special Term granting a motion for a peremptory order of mandamus directing defendants to issue and deliver to the petitioners a warrant for the agreed price of easements under